George A. Arkwright, J.
In this action to foreclose 84 transfers of tax liens, plaintiff moves for leave to resell three of said parcels which were bid in at the auction sale by one Robert Siegel and to hold that purchaser liable for any deficiency. The said purchaser paid a 10% deposit on his bids, signed the usual memorandum of sale, but has refused to accept the Referee’s deeds.
The purchaser has moved by cross motion to be relieved of his purchase and to direct the Referee to refund the deposits on the three parcels upon the ground that (1) the three parcels are incumbered by unpaid taxes and assessments, (2) a portion of one of the parcels, 67, lies within a mapped street, and (3) said parcel 67 abuts on a creek which was a tributary of Jamaica Bay, a navigable stream and subject to an outstanding interest of the City of New York.
Although the purchaser is correct in his contention that the terms of sale, and not the judgment, on this application, govern and control the measure and obligations of the parties, he is in error in his interpretation of paragraph 4th of the terms of sale. The paragraph states: “ 4th. All taxes, assessments, and water rates and other encumbrances which, at the time of sale, are liens or encumbrances upon said premises, will be paid by the Referee or will be allowed by the Referee out of the purchase money, provided the purchaser shall previous to the delivery of the deed, produce to the Referee proof of such liens, and duplicate receipts for the payment thereof.” (Emphasis supplied.) This language permits the Referee to make payment of the unpaid taxes or allow them as a credit to the purchaser. The Referee was ready and willing to make proper allowance for the unpaid items. This objection is not well taken.
Although section 35 of the General City Law prohibits the issuance of a building permit for any building in the bed of a mapped street, that is not a valid objection to the deed ' offered by the Referee. The property, under the terms of sale, was sold subject to “a state of facts an accurate survey would show ” and the purchaser had before him a map indicating the property upon which he was bidding. The terms of sale refer to “ the premises described in the annexed advertisement of sale ” and the notice of sale describes parcel 67 (Block 8072, lot 31) “ as the said (tax) map was on May 11, 1947.” The purchaser was tendered a deed for exactly what he agreed to purchase.
The purchaser’s objection that parcel 67 abuts on a creek which was a tributary of Jamaica Bay, a navigable stream, and that title thereto is in the City of New York, is not well taken. *174 Purchaser states that the lot abuts on the creek and then proceeds to cite the statutes and law applicable to land under water. No part of the parcel involved is land under water. The court’s examination of the map indicates this quite clearly.
Plaintiff’s motion is granted in all respects and the cross motion is denied.
Settle order on notice.